Haroon Manjlai (SBN 310822)
Email: hmanjlai@khanlegal.com
Masood Khan (SBN 231020)
Email: mkhan@khanlegal.com
**KHAN LAW GROUP, LC**
9431 Haven Ave., Suite 100
Rancho Cucamonga, CA  91730
Telephone: (626) 262-4012
Facsimile: (626) 628-3275

Attorneys for Defendant
ONE STOP COMPUTER SERVICES LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTINE SINCLAIR, an individual; DREAMOWAY, INC., a Delaware corporation,<br>　　　　　Plaintiff,<br><br>v.<br><br>AGILE WEB STUDIOS, a business entity of unknown origin; DYNAMIC DIGITAL SOLUTIONS, LLC, a Virginia limited liability company; VTLOGODESIGN, INC., a Florida corporation; ONE STOP COMPUTER SERVICES LLC, a Virginia limited liability company; RFK TECHNOLOGIES LTD., a United Kingdom limited company; TYLER SCOTT, an individual; ALEX MARTIN, an individual; and DOES 1 through 100, inclusive,<br>　　　　　Defendants. | Case No.: 5:23-cv-02690-NC<br><br>**DEFENDANT ONE STOP COMPUTER SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date: None Set<br>District Judge: Hon. George H. Wu |

Defendant ONE STOP COMPUTER SERVICES LLC ("Defendant"), hereby answers to the Complaint of Plaintiff JUSTINE SINCLAIR and DREAMOWAY, INC. ("Plaintiff") as follows:

-1-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to the provisions of Section 431.30(d) of the California *Code of Civil Procedure*, Defendant denies each, every, and all allegations in the Complaint, each and every cause of action stated therein, and the whole thereof, and denies that Plaintiff sustained any damages in the sum or sums alleged, or in any other sum or sums, or at all.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts Sufficient for Cause of Action)

1. The Complaint as a whole and each of the purported causes of action thereof fail to set forth fact sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

2. As a separate and affirmative defense to the Complaint, Defendant alleges that, even if Plaintiff suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said injuries or damages.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. As a separate and affirmative defense to the Complaint, Defendant alleges that, by reason of Plaintiff's conduct which constitutes a breach of contract, tortious conduct, waiver, unclean hands, Plaintiff is estopped to assert any right of relief.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

4. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff, by reason of its own acts, omissions, representations and/or courses of conduct is estopped from asserting, and has waived any right to assert, Plaintiff's claims against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff failed to take legal action for a long time, and have thereby waived any right to assert Plaintiff's claims against Defendant.

//
//

### SIXTH AFFIRMATIVE DEFENSE

**(No Fiduciary Relationship)**

6. As a separate defense to the Complaint, Defendant alleges that Plaintiff and Defendant were not in a fiduciary relationship with each other, and therefore did not owe fiduciary duties.

### SEVENTH AFFIRMATIVE DEFENSE

**(Frivolous Claim)**

7. As a separate and affirmative defense to the Complaint, Defendant alleges that all of Plaintiff's claims against Defendant are frivolous, unreasonable and/or groundless and, accordingly, Defendant should recover all costs and attorney's fees incurred herein.

### EIGHTH AFFIRMATIVE DEFENSE

**(Substantial Compliance)**

8. As a separate and affirmative defense to the Complaint, Defendant alleges that it substantially complied and/or complete compliance with all applicable laws and statutes.

### NINTH AFFIRMATIVE DEFENSE

**(In Pari Delicto)**

9. As a separate and affirmative defense to the Complaint, Defendant alleges that the claims are barred by reason of the fact that Plaintiff has engaged in acts and courses of conduct which rendered Plaintiff in pari delicto.

### TENTH AFFIRMATIVE DEFENSE

**(Sham Pleading)**

10. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's Complaint is a sham pleading made against Defendant not for alleged statutory wrongs and violations against Defendant, but solely for the financial gain of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

11. INTENTIONALLY LEFT BLANK.

### TWELFTH AFFIRMATIVE DEFENSE

### (Offset to Any Damages Awarded)

12. As a separate and affirmative defense to the Complaint, Defendant alleges that it is entitled to an offset in a sum subject to proof at trial as to any and all damages that may be awarded to Plaintiff at trail.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Violation of Public Policy)

13. As a separate and affirmative defense to the Complaint, Defendant alleges that Defendant's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Any Potential Recovery)

14. As a separate and affirmative defense to the Complaint, Defendant alleges that the liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is limited by California Civil Code § 1431.1, et seq.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

15. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Conditions Precedent)

16. As a separate affirmative defense to the Complaint, Defendant alleges that Plaintiff has failed to comply with the necessary conditions precedent for bringing this action, including, but not limited to, compliance with any and all applicable state and/or federal laws.

//

//

//

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Breach of Contract)**

17. As a separate affirmative defense to the Complaint, Defendant alleges that the contract alleged in Plaintiff's Complaint was materially breached by Plaintiff, and therefore is void and unenforceable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Unconscionability)**

18. As a separate and affirmative defense to the Complaint, Defendant alleges that any and all contracts referred to in Plaintiff's Complaint are unconscionable and therefore unenforceable.

### NINTEETH AFFIRMATIVE DEFENSE

**(No Irreparable Injury)**

19. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant, Plaintiff has an adequate remedy at law for any such conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Benefits Received)**

20. As a separate and affirmative defense to the Complaint, Defendant alleges that each alleged cause of action is barred in whole or in part to the extent that Plaintiff has previously been paid monies and/or received any other monetary benefit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Unconstitutionality)**

21. As a separate and affirmative defense to the Complaint, Defendant alleges that, although Defendant denies that it has committed or has responsibility for any act that could support the recovery against Defendant in this lawsuit, if any, to the extent any such act is found, such

recovery against Defendant are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and § 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of§ 17 of Article I, the Due Process Clause of §7 of Article I and other provisions of the California Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Acts Outside Scope of Agent's Authority)**

22.     As a separate and affirmative defense to the Complaint, Defendant alleges that any allegedly wrongful acts performed by the agents of Defendant, if there were any, were made outside the course and scope of such agents' authority. Accordingly, Plaintiff is barred from asserting any claim for relief against Defendant based on said allegedly wrongful acts.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(No Unlawful/Unfair Practices)**

23.     As a separate and affirmative defense to the Complaint, Defendant alleges that its business practices are not unlawful and/or unfair within the meaning of California Business and Professions Code §17200, et seq. and that the utility of any such practice outweighs any potential harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Standing)**

24.     As a separate and affirmative defense to the Complaint, Defendant alleges that all of Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Not Intentional, Malicious, or Oppressive)**

25.     As a separate and affirmative defense to the Complaint, Defendant alleges that the conduct and/or violation of applicable law alleged against them are not sufficient to be determined as "intentional," "malicious," or "oppressive" within the meaning of applicable law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitation)**

26. As a separate defense to the Complaint, Defendant alleges that Plaintiff is bared from bringing this Complaint by the applicable statute of limitations, including but not limited to, Code of Civil Procedure §§335.1, 337(1), 338, 339, 340(a), 340(b).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

27. As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff would receive more money than it is entitled to, if any, if Plaintiff wins on claims against Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Setoff and Recoupment)**

28. Without conceding that any act of Defendant caused damage to Plaintiff in any respect, Defendant are entitled to offset and recoup against any judgement that may be entered for Plaintiff for all obligations of Plaintiff owing to Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Arbitrate)**

29. Defendant are informed and believe and thereon alleges that the contract between Plaintiff and Defendant expressly provides for arbitration of all disputes related to the agreement. Plaintiff has failed to comply with the agreement to arbitrate, and the agreement precludes this litigation.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Frustration of Purpose)**

30. Defendant are informed and believe and thereon alleges that through no fault of Defendant, the purposes recognized by Plaintiff and Defendant as the basis for the agreement between them have been fundamentally frustrated and defeated. Accordingly, Plaintiff's claim for

breach of contract is without merit.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Abandonment)

31. Defendant are informed and believe and thereon alleges that the third cause of action in the Complaint is barred by reason of abandonment and mutual rescission. *(Civ. Code § 1689.)*

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Rescission)

32. Defendant are informed and believes and thereon alleges that the third cause of action in the Complaint is barred by reason of rescission. *(Civ. Code § 1688, et seq.)*

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Right to Add Other Affirmative Defense)

33. Defendant specifically reserves the right to amend this Answer and any affirmative defenses alleged hereinabove, and to add additional affirmative defenses, as allowed and permitted under United States and California law.

### REQUEST FOR ATTORNEYS' FEES

Each cause of action alleged in Plaintiff's Complaint is frivolous and without merit. Defendant has been required to retain the services of counsel in defending themselves against each such cause of action and are entitled to recover its attorney's fees incurred in defending each such cause of action pursuant to statute.

**WHEREFORE,** these answering Defendant pray that:

1. Plaintiff take nothing by way of its Complaint on file herein;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2023                          **KHAN LAW GROUP, LC**

BY: _____*Haroon Manjlai*_____
        Haroon Manjlai, Esq.
        Attorneys for Defendant ONE STOP
        COMPUTER SERVICES LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2023 a true and correct copy of the foregoing document entitled

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

was served upon the counsel of record listed below by the Northern District of California ECF method or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Joon Il Song<br>L&F Brown, P.C.<br>6430 Sunset Blvd., Suite 505<br>Los Angeles, CA 90028<br>213-928-1556<br>Fax: 323- 372-3988<br>Email: jsong@lfbrown.law<br>LEAD ATTORNEY<br>ATTORNEY FOR PLAINTIFF JUSTINE SINCLAIR | Joon Il Song<br>L&F Brown, P.C.<br>6430 Sunset Blvd., Suite 505<br>Los Angeles, CA 90028<br>213-928-1556<br>Fax: 323- 372-3988<br>Email: jsong@lfbrown.law<br>LEAD ATTORNEY<br>ATTORNEY FOR DREAMOWAY, INC. |
| Jeremy Yingjie Wang<br>425-243-9178<br>Email: jwang@lfbrown.law<br>ATTORNEY FOR PLAINTIFF JUSTINE SINCLAIR | Jeremy Yingjie Wang<br>425-243-9178<br>Email: jwang@lfbrown.law<br>ATTORNEY FOR PLAINTIFF DREAMOWAY, INC. |
| Joyce Ma<br>213-928-1556<br>Fax: 323-372-3988<br>Email: jma@lfbrown.law<br>ATTORNEY FOR PLAINTIFF JUSTINE SINCLAIR | Joyce Ma<br>213-928-1556<br>Fax: 323-372-3988<br>Email: jma@lfbrown.law<br>ATTORNEY FOR PLAINTIFF DREAMOWAY, INC. |

**Dated: July 31, 2023**                    **Respectfully Submitted:**

MANJLAI LAW PC

*/s/ Haroon Manjlai*
Haroon Manjlai, Esq