UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE SINCLAIR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AGILE WEB STUDIOS, et al.,<br><br>    Defendants. | Case No. 23-cv-02690-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Re: Dkt. No. 71 |

Before the Court is a motion to withdraw as counsel by Haroon Manjlai, an attorney at Khan Law Group, LC representing Defendants Dynamic Digital Solutions, LLC, and One Stop Computer Services LLC, (collectively, "Defendants"). Dkt. No. 71 ("Mot."). Mr. Manjlai seeks to withdraw as counsel for Defendants on the basis that "the relationship of trust and confidence essential to the attorney-client relationship has ceased to exist" which has made it "unreasonably difficult" to represent Defendants effectively. *Id.* at 3. In his declaration accompanying the motion, Mr. Manjlai avers that Defendants have "completely stopped responding" to any communications, despite numerous attempts to contact them. *See* Dkt. No. 71-1 ("Manjlai Decl.") at ¶ 3. Mr. Manjlai filed the motion to withdraw on February 12, 2024. Additionally, he informed Defendants of his intent to withdraw and that a representative for Defendants should appear at the Court's hearing on the motion. *See* Dkt. 92, Ex. C.

The Court held a hearing on the motion on March 21, 2024, and Defendants did not appear. *See* Dkt. No. 91. At the hearing, the Court discussed ex parte with Mr. Manjlai his reasons for filing the motion to withdraw. The Court ordered defense counsel to submit a supplemental declaration and attachments under seal regarding the matters discussed during the ex parte discussion with the Court. *See id.* Mr. Manjlai submitted the declaration and attachments.

*See* Dkt. No. 92. For the reasons set forth below, the motion to withdraw is **GRANTED**.

**I.   LEGAL STANDARD**

In this District, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under these rules, permissive withdrawal may only be granted by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The professional rules provide for permissive withdrawal on various grounds, including when "[t]he member believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(6). However, an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2).

Finally, courts assessing withdrawal balance the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

**II.   DISCUSSION**

Civil Local Rule 11-5(a) is satisfied because the filing of the motion on February 12, 2024, gave Defendants reasonable advance notice of withdrawal as counsel and because Mr. Manjlai also gave additional notice to his clients before the hearing on the motion. *See* Mot. at 1; *see* Dkt. 92, Ex. C. The filing of the motion was also permitted by the California Rules of Professional Conduct. Based upon information discussed during the ex parte portion of the hearing and Mr. Manjlai's subsequently filed declaration under seal, the Court is persuaded that Defendants' counsel filed the motion with a good faith belief that there is good cause for withdrawal. CA ST

1  RPC, Rule 3-700(C)(6).  Balancing the equities, the Court finds that withdrawal is just, and will

2  not cause any undue prejudice or delay.  *See Robinson*, 2010 WL 3259384, at *2 (discussing

3  equities).  All told, the Court finds in the exercise of its discretion that withdrawal is

4  warranted. *See Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D.

5  Cal. Jan. 8, 2008).

6  As business entities (LLCs), Defendants may appear in federal court only through counsel.

7  *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b).

8  Consequently, Defendants must obtain new counsel within 21 days of this Order.  During this

9  period, the Court directs Mr. Manjlai to accept service of papers for forwarding to Defendants

10 unless and until Defendants appears by other counsel.  *See* Civ. L.R. 11-5(b).  Mr. Manjlai must

11 notify Defendants of this condition.  If Defendants are unable to obtain counsel within 21 days, the

12 Court will be inclined to allow Plaintiffs' counsel to seek entry of a default and a default

13 judgment.  *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir.

14 2007) (affirming entry of a default judgment where the corporate defendant had failed to obtain

15 substitute counsel); *see also U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.

16 1993) (same); *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL

17 3912016, at *2–4 (C.D. Cal. July 19, 2016).

### III. CONCLUSION

For the reasons set forth below, the motion is **GRANTED**.

The Court **SETS** a telephonic case management conference on July 23, 2024, at 2:00 p.m. The dial-in information and instructions remain the same as previously provided in Dkt. No. 17.

**IT IS SO ORDERED.**

Dated:   6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge