UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE SINCLAIR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AGILE WEB STUDIOS, et al.,<br><br>        Defendants. | Case No. 23-cv-02690-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO APPROVE ALTERNATIVE SERVICE OF DEFENDANT VIA ELECTRONIC MAIL**<br><br>Re: Dkt. No. 138 |

Before the Court is Plaintiffs' administrative motion to alternatively serve Defendant Usman Khan via electronic service, Dkt. No. 138. The Court **DENIES** the motion without prejudice.

I.  **BACKGROUND**

Plaintiffs Justine Sinclair and Dreamoway, Inc. (collectively, "Plaintiffs") filed their complaint in May 2023 alleging breach of contract, fraud, unfair competition, and other state law claims against several defendants. *See* Dkt. No. 1 ("Compl.") ¶ 58–101. Plaintiffs are now seeking an order allowing for alternative service of process to be made upon one defendant, Usman Khan ("Defendant"), via electronic mail to three email addresses: mkhan@voipterminator.com, usman@khans.pk, and vtlogodesignincamz@gmail.com. *See* Dkt. No. 138 ("Mot.") at 4. Plaintiffs allege Defendant is the President of Defendant entity VTLOGODESIGN, Inc ("VTLogo"). *See id.* at 3.

Plaintiffs attempted to serve Defendant at a physical address in Virginia that the Articles of Incorporation for VTLogo (filed with the Florida Secretary of State) identify as Defendant's address. *See* Mot. at 3. Plaintiffs maintain that during the service attempt, an individual residing at the Virginia address (not Defendant) informed Plaintiffs' process server that Defendant had not

lived there for several years. *See id.* A private investigator Plaintiffs hired was unable to identify an alternative service address for Defendant. *See id.* Plaintiffs therefore request to serve Defendant by email.

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 4, individuals and corporations may be served in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Rule 4 is intended "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (quotation omitted).

As this Court is located in California, it may authorize service of process in conformity with California law. California Code of Civil Procedure § 413.30 provides for alternative service "in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. Section 413.30 thus comports with due process, which similarly requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

## III. DISCUSSION

The Ninth Circuit has expressed some concern with the limitations of electronic service, noting that "[i]n most instances, there is no way to confirm receipt of an email message." *Rio Properties*, 284 F.3d at 1018. Nevertheless, the Ninth Circuit ultimately leaves the decision "to the discretion of the district court to balance the limitations of email services against its benefits in any particular case." *Id.* Under the circumstances of this case, the Court shares the Ninth

1   Circuit's concerns about the limitations of email service.

2       Plaintiffs cite two cases in which electronic service on Defendant was apparently
3   authorized via the three email addresses mentioned above, as well as service at a physical address
4   in Pakistan. *See* Mot. at 3–4. Plaintiffs argue that electronic service is also warranted here
5   because "(1) it is reasonably calculated to provide Defendant with actual notice of the instant
6   action, (2) Plaintiffs need to reliably serve Defendant so soon as possible, (3) Plaintiffs understand
7   that service via the Hague Convention is unreliable and very lengthy, and (4) Plaintiffs continue to
8   be harmed while awaiting adjudication of this instant action." *Id.* at 7.

9       None of these reasons provide a sufficient basis for the Court to conclude that email
10  service on Defendant is reasonable under the circumstances. The fact that other courts have
11  approved electronic service on Defendant in other matters is not relevant to whether such service
12  is appropriate in this matter. And Plaintiffs fail to offer any other justification for their conclusory
13  assertion that electronic service to the emails identified "is reasonably calculated to provide
14  Defendant with actual notice of the instant action." Mot. at 7. Plaintiff has not pointed to any
15  evidence in the record in this case showing that Defendant has used the email addresses Plaintiffs
16  identify. *Cf. Rio Properties*, 284 F.3d at 1018 (email service allowed on corporate defendant that
17  had "structured its business such that it could be contacted *only* via its email address"). Further,
18  according to Plaintiffs' motion, Plaintiffs have only made one attempt to serve the Defendant at
19  the physical address in Virginia associated with him, and the process server's interaction with the
20  person living at the address who denied Defendant's residency there was limited to speaking
21  through an electronic doorbell. *See* Dkt. No. 138-4 at 2. Given the recognized limitations of
22  email service and under the circumstances here, the Court finds that Plaintiffs' single,
23  unsuccessful attempt at service on the physical address associated with Defendant does not
24  provide sufficient justification for concluding that email is reasonably calculated to provide
25  Defendant with actual notice. *See LawRank LLC v. LawRankSEO.com*, No. 21-CV-04515-HSG,
26  2021 WL 4461592, at *2 (N.D. Cal. Sept. 29, 2021).

27  **IV. CONCLUSION**

28      Accordingly, the Court **DENIES** without prejudice Plaintiffs' motion for alternative

3

service of Defendant Usman Khan via electronic mail, Dkt. No. 138.  The Court further **DIRECTS** Plaintiffs to again attempt service on the physical address in Virginia.  Plaintiffs may renew their motion for alternative service if further service attempt(s) at the physical address are unsuccessful.  If Plaintiffs provide sufficient detail about their additional attempt(s), the Court may grant the motion for alternative service, with the understanding that Defendant may have a basis for challenging whether email service was proper should he ever appear in the case.

Finally, the Court **RESETS** the following deadlines:

- The deadline for Plaintiffs to serve Defendants and file any default requests is continued to November 23, 2024.
- The deadline for Plaintiffs to file their motion for default judgment as to all defaulted Defendants is continued to January 6, 2025.

**IT IS SO ORDERED.**

Dated:   10/23/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge