UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE SINCLAIR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AGILE WEB STUDIOS, et al.,<br><br>    Defendants. | Case No. 23-cv-02690-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. No. 93 |

Before the Court is Plaintiffs Justine Sinclair and DreamOway Inc.'s administrative motion to seal. Dkt. No. 93. The Court DENIES the motion.

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

1  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
2  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
3  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
4  without more, compel the court to seal its records." *Id.*

5      The Court must "balance[] the competing interests of the public and the party who seeks to
6  keep certain judicial records secret. After considering these interests, if the court decides to seal
7  certain judicial records, it must base its decision on a compelling reason and articulate the factual
8  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
9  supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
10 document or portions of it under seal "must explore all reasonable alternatives to filing documents
11 under seal, minimize the number of documents filed under seal, and avoid wherever possible
12 sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
13 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
14 alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

15     Records attached to nondispositive motions must meet the lower "good cause" standard of
16 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
17 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
18 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
19 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
20 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
21 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
22 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

23 **II.  DISCUSSION**

24     Plaintiffs' motion seeks to seal a report prepared for Plaintiffs by Creative Solutions
25 Investigative Services, a private investigator ("the report"). Dkt. No. 93 ("Mot.") at 3. Plaintiffs
26 argue that the report contains privileged attorney-client communications and attorney work
27 product, as well as personally identifiable information pertaining to third parties, such as phone
28 numbers, home addresses, and the identities of potential family members and associates of

1  Defendants. *Id.* The motion asserts that the entire report should be sealed because it is
2  "impossible at this point to determine which information in the [report] is relevant to Plaintiffs,
3  Defendants, or this litigation." *Id.* at 5.
4      The Court, notes, however, that on more than one occasion since filing this sealing motion,
5  Plaintiffs have publicly filed at least one page of the report as an exhibit to various other motions.
6  *See* Dkt. Nos. 138-5 (Exhibit ISO September 27, 2024, Administrative Motion to Approve
7  Alternative Service of Defendant), 153-2 at 12 (Exhibit ISO December 20, 2024, Administrative
8  Motion to Allow Plaintiffs to Serve Documents Via Electronic Mail). Accordingly, given
9  Plaintiffs' repeated public disclosure of part of the report, the Court finds that Plaintiffs do not
10 convincingly explain why the entire document should be sealed. *See Ehret v. Uber Tech., Inc.*,
11 No. 14- cv-00113, 2015 WL 12977024, at *3 (N.D. Cal. December 2, 2015) (denying motion to
12 seal because "there is little privacy interest [where] Plaintiff has already publicly filed exhibits");
13 *see also* Civ. L-R 79-5(a) (requiring a party to "avoid wherever possible sealing entire documents
14 (as opposed to merely redacting the truly sensitive information in a document)"). Other parts of
15 the report likely contain information that satisfies the compelling reasons standard, including, and
16 especially, any personally identifiable information pertaining to third parties. *See Nursing Home
17 Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1,
18 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information
19 confidential to protect an individual's privacy interest and to prevent exposure to harm or identity
20 theft."). However, it is Plaintiffs' duty to propose a sealing order that is "narrowly tailored" to
21 material that is properly sealable. *See* Civ. L-R 79-5(c). By seeking to seal an entire document
22 which they have already partially disclosed to the public, without identifying the specific portions
23 of the report that are properly subject to sealing, Plaintiffs fail to meet the "narrowly tailored"
24 standard. The motion to seal the entire private investigator report is thus denied.

### III. CONCLUSION

The Court **DENIES** Plaintiffs' motion to seal, Dkt. No. 93. The Court **DIRECTS** Plaintiffs to file within 10 days of this order a renewed motion targeted to seal only the specific, identified portions of the private investigator report that contain the personally identifiable

information of third parties and any other truly sensitive information. *See* Civ. L.R. 79-5. Plaintiffs must specify each portion of the report that is subject to sealing and provide a targeted explanation as to why that particular information should be sealed. Any renewed motion must not seek to seal portions of the report already publicly disclosed by Plaintiffs.

**IT IS SO ORDERED.**

Dated: 3/4/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge