UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE SINCLAIR, et al., | Case No. 23-cv-02690-HSG |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |
| v. | Re: Dkt. Nos. 184, 187 |
| AGILE WEB STUDIOS, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Justine Sinclair and DreamOway Inc.'s administrative motion to seal. Dkt. Nos. 184, 187.[1] The Court **GRANTS** the motion.

### I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

---

[1] Dkt. No. 187 is an amended proposed order for the motion that contains the list of unredacted information that Plaintiffs seek to seal. The original motion only contained a redacted proposed order.

United States District Court
Northern District of California

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Under the local rules, the party seeking to file a document or portions of it under seal also "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

## II.    DISCUSSION

Plaintiffs seek to seal portions of a report prepared by Creative Solutions Investigative Services, a private investigator. Dkt. No. 184 ("Mot.") at 3. Plaintiffs filed the report in support of their motion for leave to file an amended complaint and motion for service by publication. *Id.* They argue that the report contains privileged attorney-client communications, as well as personally identifiable information pertaining to third parties, such as addresses and phone numbers. *Id.* at 3–4. The Court previously denied Plaintiffs' motion to seal the entire report and instructed Plaintiffs to renew their motion after narrowly targeting "only the specific, identified portions of the private investigator report that contain the personally identifiable information of third parties and any other truly sensitive information." Dkt. No. 183 at 3–4. Now, Plaintiffs have narrowed their request to around two dozen addresses, phone numbers, attorney-client

communications, and names.[2]

The Court is persuaded that the portions identified to be sealed here are narrowly tailored and satisfy the necessary standard. Most of the redactions target personally identifiable information pertaining to third parties. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). The remaining portions relate to protected attorney-client communications. *Guidiville Rancheria of Cal. v. United States*, No. 12-CV-01326-YGR, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney-client privilege, which establishes compelling reasons for sealing it from the public record."). The public's interest in this information is minimal. Thus, the Court **GRANTS** the motion.

### III.    CONCLUSION

The Court **GRANTS** Plaintiffs' motion to seal, Dkt. No. 184, and **TERMINATES** Plaintiffs' amended proposed order, Dkt. No. 187.

**IT IS SO ORDERED.**

Dated:   2/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] A handful of images showing the houses and addresses are also redacted. *See* Dkt. No. 184-1.